Dear Mr. Castille:
Your request for an Attorney General Opinion was forwarded to me for research and reply. Your question is as follows:
 Is a felony conviction final, within the meaning of La. R.S. 42:1414, when a person is sentenced pursuant to La. C.Cr.P. art. 893, whereby a successful completion of a probationary period results in the conviction being set aside in favor of an acquittal?
La. R.S. 42:1414 provides for the termination of state employees who have been convicted of a felony. This statute provides, in pertinent part, as follows:
 The employee-employer relationship existing between a state employee, classified or unclassified, and the state shall be terminated and such employee shall be removed from his position of employment with the state upon conviction, during his employment, of a felony as defined by the laws of this state or by the laws of the United States. Within forty-eight hours after a conviction is final and all appellate review of the original trial court proceedings is exhausted, the appointing authority of the employing agency shall terminate any state employee who is convicted of a felony and is holding a position of employment with such agency.
La. R.S. 42:1414 ipso facto terminates the employer-employee relationship between the State and a state employee upon his conviction of a felony during his employment. The employer is mandated to effectuate the termination of the employer "within forty-eight hours after a conviction is final . . . ."
La. C.Cr.P. art. 893 provides, in pertinent part, as follows:
 A. When it appears that the best interest of the public and of the defendant will be served, the court after a first or second conviction . . . may suspend . . . the Imposition or execution of either or both sentences . . .
 B. When the imposition of sentence has been suspended by the court for the first conviction only . . . and the court finds at the conclusion of the probationary period that the probation of the defendant has been satisfactory, the court may set the conviction aside and dismiss the prosecution and the dismissal of the prosecution shall have the same effect as acquittal . . .
This article permits the court, "after a first or second conviction," (Emphasis added) to suspend "imposition or execution of sentences." Inasmuch as La. R.S. 42:1414 mandates termination when the state employee's conviction becomes "final," it is our opinion that such finality occurs, for the purposes of La. R.S. 42:1414, when the judgment of conviction becomes final, e.g. where any prospect of appellate review has been exhausted. La. C.Cr.P. art. 893 makes it clear that the probation is based upon a "conviction." The judgment of conviction is being executed by the defendant by his being given a definitive period of probation of one to five years. Additionally, despite ultimate setting aside of the conviction with the effect of acquittal, La. C.Cr.P. art. 893 notes that the "conviction" may serve as a basis for charging an individual as a multiple offender.
Thus, it is the opinion of this office that, La. R.S.42:1414 mandates effectuation of the termination of the employee within forty-eight hours after the conviction becomes final. This is a mandatory duty of the employer and is not a prescriptive period that would prevent the employer from terminating an employee when that period has expired.
I hope this opinion sufficiently answers your question. If our office may be of any further assistance, please do not hesitate to contact us.
Sincerely,
 RICHARD P. IEYOUB Attorney General
 BY: FREDERICK A. DUHY, JR. Assistant Attorney General
RPI/FAD/RDA